IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Francis Cherfils, ) | Case No.: 8:22-cv-3241-JD-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| R.S. Dunbar, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 23.) Petitioner Francis Cherfils ("Petitioner" or "Cherfils") is a prisoner in the custody of the Federal Bureau of Prisons. Cherfils, proceeding *pro se*, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondent R.S. Dunbar, Warden ("Respondent" or "Warden"), challenging certain prison disciplinary proceedings related to an alleged incident that occurred on September 11, 2021, after which Petitioner was charged with violating Code 201, fighting with another person. (DE 1, pp. 1-2, p. 8; DE 1-1, p. 9.)

On February 27, 2023, Respondent filed a Motion to Dismiss the Petition, or for Summary Judgment to Dismiss, arguing (1) Petitioner received the rights afforded pursuant to Wolff v. McDonnell, 418 U.S. 539 (1974); (2) the failure to follow Bureau of Prisons policy does not violate due process; and (3) the evidence presented at the hearing with the Disciplinary Hearing Officer

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

was sufficient to support Petitioner's prison disciplinary conviction and loss of good credit time. (DE 17 pp. 9-15.)    Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion.  (DE 18.)  Petitioner filed a Response on April 6, 2023.  (DE 21.)

The Report was issued on July 27, 2023, recommending that the Respondent's Motion be granted and the Petition be denied.  (DE 23.)  Petitioner has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record. Therefore, the Court adopts the Report (DE 23) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgement is granted and Cherfils's Petition for writ of habeas corpus is denied.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 21, 2023

3

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.